UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIG-STAR HORIZONS, INC.,

        Plaintiff,

v.

PENN-STAR INSURANCE
COMPANY,

        Defendant.
_____/

Case No. 2:20-cv-12534
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER (ECF No. 9)

### A.  Background

Plaintiff Big-Star Horizons, Inc. filed the instant lawsuit in state court against the insurer of one of its properties, Defendant Penn-Star Insurance Company, for Defendant's refusal to participate in the appraisal process following fire damage to the building.  (ECF No. 1-1, PageID.7-16.)  The case was removed to this Court on September 15, 2020.  (ECF No. 1.)

### B.  The Instant Motion

Currently before the Court is Defendant's February 19, 2021 motion for leave to amend or correct its answer to Plaintiff's complaint, filed pursuant to Federal Rule of Civil Procedure 15(a).  (ECF No. 9.)  Defendant seeks to add the affirmative defense of fraud/material misrepresentation, asserting that in the early

stages of discovery, it learned additional factual information that an invoice for the installation of smoke alarms prior to the fire may have been fabricated. (ECF No. 9, PageID.53-55, 57-61.) According to Defendant, the potential fabrication is important because it is only required to provide coverage for fire damage if Plaintiff complied with the subject insurance policy's "protective safeguards" provision. (ECF No. 9, PageID.58-59.) Plaintiff opposes the motion, arguing bad faith, dilatory motive, undue delay, and futility. (ECF No. 14, PageID.124-127.) On February 26, 2021, Judge Tarnow referred the motion to me for a hearing and determination (ECF No. 10) but, in the Court's discretion, the motion will be decided without a hearing, pursuant to E.D. Mich. L.R. 7.1(f)(2).

**C.     Standard**

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

**D.     Analysis**

### 1. Bad faith and dilatory motive

Plaintiff first challenges the instant motion on the basis of bad faith and dilatory motive, arguing that Defendant has failed to appropriately engage in discovery by not responding to discovery requests or filing a witness list, insisting instead that the matter would be settled. (ECF No. 14, PageID.124-125.) If true, the Court finds such behavior problematic, and warns both parties that discovery requests must be timely answered. However, the Court does not find this to be an appropriate basis on which to deny Defendant's motion for leave to amend. (ECF No. 9.) Instead, a disagreement regarding discovery is more properly the subject of a motion to compel pursuant to Fed. R. Civ. P. 37, but only after complete compliance with Local Rules 7.1 and 37.1, as well as the Judges' Practice Guidelines. In any case, the Court notes that no such motion is pending. Accordingly, the Court rejects Plaintiff's opposition to the instant motion on the basis of bad faith or dilatory motive.

### 2. Undue delay and prejudice

Plaintiff next asserts that Defendant's motion should be denied because of undue delay, stating, "Defendant is now requesting that this court allow that it amend its answer and affirmative defenses for information that was completely within its knowledge prior to the original answer[.]" (ECF No. 14, PageID.125.) Specifically, Plaintiff argues that Defendant had knowledge of the invoice at issue

3

before the lawsuit was even filed. (ECF No. 14, PageID.122-124.) Defendant appears to address this in its motion for leave to amend, stating:

> While [Defendant] may have been able to assert the affirmative defense of fraud at some earlier date, it only recently became clear that Plaintiff may have engaged in making a material misrepresentation with respect to submitting its claim. That confirmation came through early discovery and through informal discussions with Plaintiff's attorney. Although Plaintiff may argue that [Defendant] should have "connected the dots" more quickly, and realized earlier that the . . . invoice is potentially fraudulent, Plaintiff cannot fault an insurer for taking documents submitted by its insured at face value.

(ECF No. 9, PageID.63.)

However, even assuming, without deciding, that Defendant could have asserted the affirmative defense of material misrepresentation earlier in the proceedings, "[d]elay alone ordinarily will not justify the denial of leave to amend[.]" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007). Rather, "delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Id*. (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). The Court finds no such prejudice here. Defendant filed the instant motion on February 19, 2021, approximately two-and-a-half months before the close of discovery on May 3, 2021 (*see* Scheduling Order ECF No. 7), giving both parties plenty of time to conduct additional discovery regarding the invoice and any associated fraud or misrepresentation. Indeed, Defendant asserts in the motion

4

that Plaintiff intends to take the deposition of Chauncey Wallace, the electrician who allegedly installed the smoke detectors and created the invoice at issue (ECF No. 9, PageID.62-64), and Plaintiff acknowledges in its response brief that counsel for both parties agreed at the scheduling conference that the only issue before the Court would be the "protective measures." (ECF No. 14, PageID.124.) Accordingly, the Court fails to see how allowing Defendant to amend its answer to include the affirmative defense of material misrepresentation would place an unwarranted burden on Plaintiff or on the Court, or, for that matter, result in undue surprise to Plaintiff. *Comm. Money Ctr., Inc.*, 508 F.3d at 347. Moreover, the Court notes that the pleading requirements of Fed. R. Civ. P. 11 dictate caution before allegations are formally made.

### 3. Futility

Finally, the Court rejects Plaintiff's futility argument. (ECF No. 14, PageID.125-126.) "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed

amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

If the Court understands correctly, Plaintiff argues that Defendant cannot prove the final element of willful misrepresentation – that the insured made the material misrepresentation with the intention that the insurer would act upon it. (ECF No. 14, PageID.125-126.) However, this seems like an argument more properly suited for a motion for summary judgment as opposed to a motion to dismiss. *See* Fed. R. Civ. P. 56(a). And, regardless, considering both the lack of prejudice to Plaintiff as well as the standard that leave to amend should be freely given, the Court finds it appropriate to grant Defendant leave to amend its answer to include the affirmative defense of material misrepresentation.

Defendant is reminded that fraud must be pleaded with particularity under Fed. R. Civ. P. 9(b), and that affirmative defenses are pleaded in response to a complaint, Fed. R. Civ. P. 8(c)(1), although there hardly seems to be any mystery about the nature and specifics of this claim, in light of instant briefing. Nonetheless:

> The particularity requirements of Rule 9(b) for allegations of fraud apply to all types of pleadings setting forth claims for relief based on fraud and, therefore, apply to counterclaims and crossclaims asserted in answers and in other responsive pleadings. *The particularity requirements of Rule 9(b) are not limited to instances in which allegations of fraud form part of a claim for relief. As demonstrated by the recognition in Rule 8(c) of fraud as an affirmative defense,*

6

when circumstances constituting fraud are central to defending against a claim, they too must be pleaded with particularity.

2 *Moore's Federal Practice* - Civil § 9.03 (2021) (emphasis added)(citing *Bose Corp. v. Ejaz*, 732 F.3d 17, 22 (1st Cir. 2013) (rule that contract is binding only in absence of fraud was affirmative defense required to be pleaded with particularity under Fed. R. Civ. P. 9(b)) and *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704 (4th Cir. 2018)). Accordingly, the alleged fraud/willful misrepresentation must be spelled out in the soon-to-be-filed amended answer and affirmative defenses.

E.   Order

Accordingly, Defendant's motion for leave to amend (ECF No. 9) is **GRANTED**, consistent with the above findings. The amended answer and affirmative defenses must be filed by **Monday, March 22, 2021**, consistent with the directives of this Order.[1]

   **IT IS SO ORDERED.**

Dated: March 11, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).